UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY LEON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-857-SLP |
| ) | |
| OMES RISK MANAGEMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gary Leon Williams, proceeding pro se and in forma pauperis, alleges violations of multiple federal statutes. Doc. 13. United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Having reviewed Plaintiff's operative complaint, the undersigned recommends that it be dismissed without prejudice to refiling.

**I.     Relevant Background**

Plaintiff filed an initial complaint against four named defendants alleging violations under an Oklahoma state statute, but he failed to identify a federal cause of action or to explain which claims were brought against which defendants. Doc. 1. The Court ordered Plaintiff to file an amended complaint that explained "what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." Doc. 8 at 2 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). The Court further cautioned Plaintiff that if his amended complaint included multiple

defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Finally, Plaintiff was informed that his amended complaint would supersede and replace his initial complaint. Plaintiff subsequently filed an Amended Complaint, Doc. 9, and three supplements to the Amended Complaint, Docs. 10-12. Plaintiff then filed a Second Amended Complaint—his operative complaint. Doc. 13.

## II.     Plaintiff's Claims

Plaintiff brings claims against the following Defendants:

- Shelley Zumwalt,
- Office of Management and Enterprise Services ("OMES"), Risk Management,
- Vicki U. Booth,
- Peter F. Lyle, and
- Integris Baptist Hospital ("Integris").

Sec. Am. Compl. at 1-2.

Plaintiff attempts to bring suit under the following federal statutes:

- Administrative Procedures Act ("APA"),
- Health Insurance Portability and Accountability Act ("HIPAA"),
- 42 U.S.C. § 1985(3),
- 42 U.S.C. § 1983,
- 42 U.S.C. § 14505,
- 42 U.S.C. § 1981(a), and
- 47 U.S.C. § 230.

*Id.* at 3. Plaintiff's claims arise from an incident on July 27, 2021. Plaintiff alleges that, after the incident, he was detained in the Oklahoma County jail until, on August 23, 2023, he "was forced to plead to several counts" that he did not commit. *Id.* at 5.

Plaintiff alleges that on July 27, 2021, he was on his way to the "mental health crisis center for substance abuse" at Integris when he saw an Oklahoma City Police Department ("OCPD") vehicle behind him flashing its lights, but not activating its siren. *Id.* Plaintiff continued on his way to the hospital "before [he] had a full on anxiety attack on the road." *Id.* After arriving at the hospital, Plaintiff alleges he "black[ed]-out and wrecked into the hospital." *Id.*

Plaintiff takes issue with the actions by OCPD after he crashed his vehicle into the hospital. He alleges:

> [An] officer got out of his patrol vehicle approached my car and just turned around without no commands or request in any fashion then in a few minutes later now returning another officer then I heard the officer on the driver side tell the officer on the passenger side to shoot him without a justifiable of reason or lack of not doing any of the [OCPD] officers commands, then to justify the discharging of the weapon the two officers begin deceitful, conspiring, and taking confidential patient information as to[] video from the hospital to forgery the officers['] false narrative as to[] the wrongful indictment/information. None of the administrative procedure conduct was truly honestly in good faith, which Integris Baptist hospital didn't have the consent of me the patient or the administrative procedure act to[] release any forms or video in capacity without the proper procedure of the Administrative Act.

*Id.* Plaintiff also alleges:

- OMES committed "crimen falsi,"
- OMES committed "defamation to [his] reputation," and
- "The OMES did with MENS REA UNAPOLOGETIC CONSPIRE to this FALSE NARRATIVE."

*Id.* at 4-5.

**III.    Screening**

When a plaintiff proceeds in forma pauperis, the Court has a duty to screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In evaluating whether a complaint adequately states a claim, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted) (discussing standard of review for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Importantly, a complaint may not offer only "naked assertions devoid of further factual enhancement," but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  Given this requirement for well-pled facts, the Court will not accept legal conclusions unsupported by adequate factual allegations. *Id.*  Instead, the Court will review a complaint to determine whether a plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will not, however, provide a plaintiff with arguments or act as his advocate.  *Id.*

IV. **Analysis**

The undersigned liberally construes Plaintiff's Second Amended Complaint to allege that after the July 27th incident (1) Integris wrongfully released video to OCPD, and (2) OMES conspired with OCPD to create a "false narrative" regarding the incident.

A. **Defendants Zumwalt, Booth, and Lyle**

With respect to Defendants Zumwalt, Booth, and Lyle, Plaintiff does not include any allegations of actions by these defendants. As the Court previously cautioned Plaintiff, his complaint must explain "what each defendant did to [him]; when the defendant did it; how the defendant's action harmed [him]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163; *see also Robbins*, 519 F.3d at 1250. Because Plaintiff fails to provide this information in his Second Amended Complaint, he fails to state a plausible claim against these defendants. Accordingly, claims against Defendants Zumwalt, Booth, and Lyle should be dismissed.

B. **Defendant OMES, Risk Management**

OMES is an Oklahoma state office that includes an Office of Risk Management. The undersigned construes the Second Amended Complaint to allege that the OMES Office of Risk Management conspired with OCPD to create a false narrative regarding the July 27, 2021 incident. Plaintiff claims this false narrative was defamation that damaged his reputation. Sec. Am. Compl. at 4-5. Plaintiff does not, however, include any factual allegations of actions taken by OMES. A complaint may not offer only "naked assertions devoid of further factual enhancement," but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

5

678 (cleaned up). Plaintiff's conclusory allegations against OMES do not meet this standard and, accordingly, fail to state a cognizable claim.

### C. Defendant Integris

As to Defendant Integris, the undersigned understands Plaintiff to allege that the hospital released "confidential patient information as to[] video" when it lacked Plaintiff's consent or authority under the APA. Sec. Am. Compl. at 5. To the extent Plaintiff brings a claim against Integris under the APA, such claim fails. The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Integris is not a federal agency, so its actions are not reviewable under the APA. Thus, to the extent the Second Amended Complaint could be liberally construed to assert a claim under the APA, Plaintiff fails to state a claim upon which relief may be granted.

To the extent Plaintiff brings a claim against Integris under HIPAA, such a claim also fails. As an initial matter, the video Plaintiff challenges is apparently a security video of Plaintiff crashing into the hospital. *See* Docs. 13-2, 13-3, 13-4. Such a video is not "confidential patient information," as Plaintiff alleges. Sec. Am. Compl. at 5; *see* 45 C.F.R. § 160.103 (defining types of information protected under HIPAA). More importantly, HIPAA does not give rise to a private right of action. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *see also Freier v. Colorado*, 804 F. App'x 890, 891-92 (10th Cir. 2020) (reiterating the holding in *Wilkerson*). Thus, to

6

the extent the Second Amended Complaint could be liberally construed to assert a claim under HIPAA, Plaintiff fails to state a claim upon which relief may be granted.

Further, to the extent Plaintiff brings claims against Integris under other federal statutes referenced in his Second Amended Complaint, those claims also fail. Plaintiff first cites 42 U.S.C. § 1985(3), which is a statute concerning conspiracy to interfere with civil rights. This statute "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010), *abrogated on other grounds by Torres v. Madrid*, 592 U.S. 306 (2021). Any claim Plaintiff intends to bring under this statute fails, at a minimum, because he alleges no conspiracy involving Integris.[1]

Plaintiff next cites 42 U.S.C. § 1983, which is a statute concerning the deprivation of rights. But to state a valid § 1983 claim, Plaintiff must allege (1) a deprivation of a federal right and (2) that the person who deprived him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff has done neither, thus failing to state a cognizable § 1983 claim. Plaintiff also cites 42 U.S.C. § 1981(a), which is a statute prohibiting discrimination based on race. Plaintiff, however, makes no allegations of discrimination or unequal treatment, and thus, he fails to state a cognizable § 1981 claim. *See Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011) (discussing

---

[1] Though Plaintiff arguably alleges a conspiracy, the undersigned construes the allegation to be a conspiracy between OCPD officers and OMES. *See* Sec. Am. Compl. at 5.

the pleading requirement in an equal protection claim "of an allegation that a similarly situated person was treated differently").

Additionally, Plaintiff cites 42 U.S.C. § 14505, which sets forth definitions related to the Volunteer Protection Act and does not provide a basis for any cognizable claim. Finally, Plaintiff cites 47 U.S.C. § 230, which is a section of the Communications Decency Act regarding liability of computer service providers. Plaintiff alleges no plausible claim against Integris under this statute, as he does not allege any facts showing that Integris is a computer service provider.

Even after liberally construing the Second Amended Complaint, the undersigned finds Plaintiff fails to state any claim against Integris upon which relief may be granted.

## V.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Second Amended Complaint, Doc. 13, be **DISMISSED WITHOUT PREJUDICE** to refiling.

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the Court by December 10, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of November, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE